

JAMES E. ROMZEK
248.784.5130
FAX 248.603.9730

jromzek@wnj.com

June 24, 2010

*VIA CERTIFIED MAIL--RETURN RECEIPT REQUESTED*

Neal Goldman
650 Aliceanna St
Apt No.# 504
Baltimore, MD  21202-4544

      Re:    **Warrior Sports**
            Subject: Employee Proprietary Information Agreement

Dear Mr. Goldman:

     My firm represents Warrior Sports, Inc., including its division known as "Brine" (together, "Warrior"), and I write to you on its behalf in connection with your separation from employment with Warrior, and as a reminder of the continuing obligations owed by you to Warrior.

     As you know, you have continuing obligations to Warrior, as specifically set forth in your Employee Proprietary Information Agreement dated May 11, 2007 ("Agreement"), a copy of which is enclosed for your convenience. Those obligations continue beyond your employment termination date of April 2, 2010 ("Separation Date"). Your continuing obligations to Warrior include, but are not limited to the following:

- You may not disclose or use any confidential information of Warrior, including information relating to customer lists, vendor lists, business plans or any other subject matter pertaining to Warrior or any of its customers, affiliates or licensees.

- You may not, for a period of 2 years following your Separation Date, contact any customers of Warrior for the purpose of providing any products or services to any customer with whom Warrior has done any business.

- You may not, for a period of 2 years following your Separation Date, induce any employee of Warrior to terminate their employment with Warrior.

     Warrior understands that you have accepted employment with Under Armor, Inc. ("UA"), apparently in its product marketing department. Warrior has no objection to you working for UA, provided you fully honor and abide by the above-referenced contractual restrictions. The fact that UA is a competitor of Warrior does raise heightened concerns.

     As you know, in your capacity as a product marketing representative for Warrior's Brine division, you have called on certain customers of Warrior, and have acquired certain knowledge about those customers, their needs, product requirements, prices paid, and various other confidential, proprietary and/or trade secret information of relating to Warrior or its customers. Based on your

Neal Goldman
June 24, 2010
Page 2 of 2

---

apparent employment with UA, the information you acquired or had access to while employed at Warrior, and the knowledge of the customer base that you obtained while working for Warrior, and as a result of the express contractual promises to which you are bound, we must insist that you not use or disclose any such confidential, proprietary or trade secret information of Warrior during the course of your employment with UA (or any other company). If the capacity of your employment with UA might lead to your use or disclosure of such information, it is imperative that you take steps to prevent that from occurring.  If such use or disclosure---in violation of your contractual obligations---would be "inevitable" based on your position with UA, then you must immediately seek other employment which would not result in such a violation. Please immediately provide a full and complete description of your employment with UA, your employment duties, and the steps that you and UA are taking to ensure that you do not use or disclose to UA confidential, proprietary or trade secret information of Warrior. This information is critical to Warrior and we will require this information by no later than Friday, June 4, 2010.

In addition, if you have not already done so, you should provide a copy of your Agreement with Warrior to UA, along with a copy of this letter.  UA needs to be aware of your ongoing obligations to Warrior so that it does not unwittingly aid or abet a violation of those contractual restrictions.  We presume that you would prefer to advise UA of these obligations, rather than have it done by Warrior or its counsel.  Please confirm to Warrior or to me, in writing, once UA has been advised of your contractual restrictions and provide to Warrior proof that UA has received a copy of your Agreement. If we do not receive that confirmation by Friday, July 2, 2010, Warrior will take the necessary steps to make sure that UA has been properly informed of these obligations and is on notice of the existence of these obligations.

You should take extra precautions to ensure your adherence to your contractual obligations, as more fully set forth in your Agreement. I would encourage you to review that document.  Warrior will continue to monitor this situation and if it determines that you have violated any of your obligations to Warrior, or if the requests made herein are not complied with, Warrior will take any and all such legal action as is necessary to protect its rights, ensure your compliance with your contractual obligations, and recover any damages to which it may be entitled. Warrior is confident that you have every intention of honoring your contractual obligations, and that your employment at UA can be properly structured so as not to cause a violation of those obligations.  However, the requests made herein must be received in order for Warrior to verify these assumptions.

If you have any questions regarding this matter or your continuing obligations to Warrior, please do not hesitate to contact either Greg Cattrano or Carey Berchulc of Warrior, or me.

Sincerely,

James E. Romzek

JER/jlg
Enclosure
C: Warrior Sports, Inc.

086624.088313 GR1782580-1