IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| WARRIOR SPORTS, INC., | * | |
| successor by merger to BRINE CORP., | | |
| | * | Civil Action No. 11-1860 |
| Plaintiff, | | |
| v. | * | |
| NEAL GOLDMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**WARRIOR'S MEMORANDUM OPPOSING
NEAL GOLDMAN MOTION TO DISMISS**

Neal Goldman's motion to dismiss Warrior's complaint is moot. Notwithstanding that neither Fed. R. Civ. P. 8(a)(2), nor *Twombly* nor *Iqbal* requires, Warrior has amended its complaint addressing Neal Goldman's contentions.

The complaint – and now First Amended complaint – confirms:

- Neal Goldman was a product manager for Brine, which Warrior acquired;
- He signed a non-compete agreement, and promised not to sell to Warrior's customers for two (2) years after he left Warrior;
- Working for Warrior, he learned about how to make and sell lacrosse equipment – including lacrosse apparel;
- Working for Warrior, he learned who Warrior's customers were and met with them;
- He left Warrior to work for a Warrior competitor, Under Armour; and
- He violated his agreement with Warrior by selling to Dick's Sporting Goods, a Warrior customer.

The First Amended Complaint adds even more facts:

- When Under Armour hired Neal Goldman away from Warrior in 2010, it was in the midst of plans to enter the lacrosse equipment market, working with Paul Gait and a corporation Paul Gait (and apparently Under Armour) created – "Vertical Lax";
- Under Armour's marketing strategy was and is to use its position in the lacrosse apparel market, to give it access to sell its lacrosse equipment and compete with Warrior;
- Neal Goldman sold Under Armour lacrosse apparel to Warrior's customer, Dick's

>   Sporting Goods and also to Warrior's customer, The Sports Authority, violating his agreement with Warrior; Warrior never excepted sales of lacrosse apparel to Warrior's customers (and for good reason – given Under Armour's strategy of directly competing against Warrior, using Neal Goldman's expertise acquired by working with Warrior, to enter the lacrosse equipment market through lacrosse apparel);
>
> -   Neal Goldman participated in the sales to Dick's Sporting Goods and the Sports Authority, of lacrosse equipment, violating his agreement with Warrior.

The First Amended Complaint also makes even more clear, that these facts constitute Neal Goldman's breach of his contract with Warrior, under Massachusetts law, and that Warrior's damages are or will exceed $75,000.

This Court recently wrote as follows in *Sher v. SAF Fin., Inc.*, 2011 U.S. Dist. LEXIS 116967 (D. Md. Oct. 11, 2011)(No. RDB 10-1895):

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).
>
> A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Simmons v. United Mort. and Loan Inv*., LLC, 634 F.3d 754, 2011 WL 184356, at *10 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks  [*8] omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.
>
> To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be

supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal,* 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has [*9] stated a plausible claim for relief. *Id.*

In order to further focus on Neal Goldman's breach of his agreement with Warrior, the First Amended Complaint further includes only two counts, one for breach of that agreement, and the second for an injunction preventing Neal Goldman from further breaching it.

Warrior has, although not required to do so, filed its First Amended Complaint to further "play the ball" - stop the stall[1] and have this case move ahead on its merits.

---

[1] Neal Goldman was Captain of the 2004 Georgetown Men's Varsity Lacrosse team and an alltime Georgetown high scorer.   NCAA Rules for Men's Lacrosse (http://www.laxpower.com/rulebooks/Rules_Men_2011_2012.pdf ), Section 11 – "Stalling" – state in pertinent part as follows:

> **Stalling**
> SECTION 11. It shall be the responsibility of the team in possession to attack the goal.
>
> a. A team in possession of the ball in its offensive half of the field will be required to "get it in/keep it in" the attack area if:
>
> 1. At any time during the course of the game, if in the judgment of the officials, that team is keeping the ball from play by not attacking the goal.
>
> Exception: If the offensive team has the ball in the attack area and the defensive team is not playing the ball. The defensive team must attempt to play the ball within the attack area in order for a stalling warning to be issued against the offensive team. This exception does not apply outside the attack area, but the offensive  team's responsibility to attack the goal remains.

This Court as set out above therefore now should deny as moot the Neal Goldman motion to dismiss, but if for some reason it does not do that, otherwise deny the motion.

Dated: October 17, 2011.

/s/ J. Stephen Simms_____
J. Stephen Simms (#4269)
John T. Ward (#1507)
Marios J. Monopolis (#29177)
Simms Showers LLP
20 South Charles Street
Suite 702
Baltimore, Maryland 21201
Telephone: 410-783-5795
Facsimile: 410-510-1789
jssimms@simmsshowers.com
jtward@simmsshowers.com
mjmonopolis@simmsshowers.com

Warrior Counsel

**OF COUNSEL:**

James E. Romzek
Anissa C. Hudy
Warner Norcross & Judd LLP
12900 Hall Road
Suite 440
Sterling Heights, Michigan 48313-1175
Telephone: 248-784-5199
Facsimile:   248-603-9730
Email   jromzek@wnj.com
Email   ahudy@wnj.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011 I caused the foregoing to be filed on the Court's CM/ECF system for service on all record counsel.

/s/ J. Stephen Simms_____