IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| WARRIOR SPORTS, INC.<br>successor by merger to BRINE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>NEAL GOLDMAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 11-1860<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT NEAL GOLDMAN'S
ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT**

Defendant, Neal Goldman ("Goldman") by his undersigned counsel, hereby files his Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") filed by the Plaintiff, Warrior Sports, Inc. ("Warrior"), and states as follows:

1.  Goldman admits the allegations set forth in the first sentence in Paragraph 1 of the Complaint. Goldman denies the allegations set forth in the second sentence in Paragraph 1 of the Complaint. Goldman asserts that the allegations set forth in the third sentence in Paragraph 1 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

2.  Goldman admits the allegations set forth in the first, second and third sentences in Paragraph 2 of the Complaint. Goldman admits that he played professional lacrosse with the Baltimore Bayhawks from 2005-2006 as a midfielder and attackman and denies the remaining allegations set forth in the fourth sentence in Paragraph 2 of the Complaint. Goldman admits that Brine Corp. ("Brine"), which was owned by New Balance, hired him as a Brand Manager in

April 2007 and denies the remaining allegations set forth in the fifth sentence in Paragraph 2 of the Complaint. Goldman admits that he was employed by Brine, and later by Warrior, from April 2007 to April 9, 2010 and denies the remaining allegations set forth in the sixth sentence in Paragraph 2 of the Complaint. Goldman denies the allegations set forth in the seventh sentence in Paragraph 2 of the Complaint. Goldman admits that he began working at Under Armour, Inc. ("Under Armour") in May 2010 and asserts that the remaining allegations set forth in the eighth sentence in Paragraph 2 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

3. Goldman asserts that the allegations set forth in Paragraph 3 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

4. Goldman admits that he is a resident of Baltimore City, Maryland and asserts that the remaining allegations set forth in Paragraph 4 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

5. Warrior's First Amended Complaint does not contain a Paragraph 5, and on that basis, no response is required by Goldman.

6. Goldman admits that he accepted employment with Brine in April 2007 as Brand Manager where he called on certain Brine customers regarding the sale of lacrosse equipment and denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Goldman admits that he signed an Employee Proprietary Information Agreement with Brine that is dated May 11, 2007 and is attached to the original Complaint as Exhibit A, and, as to the remaining allegations set forth in Paragraph 7 of the Complaint, Goldman asserts that they constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

8. Goldman admits that he signed an Employee Proprietary Information Agreement with Brine that is dated May 11, 2007, and asserts that the remaining allegations set forth in Paragraph 8 of the Complaint consist of excerpts from the May 11, 2007 Agreement, which speaks for itself, and therefore no response is required. Goldman further asserts that the remaining allegations set forth in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required, and on that basis, denies the allegations set forth therein.

9. Goldman asserts that the allegations set forth in Paragraph 9 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein. Goldman further asserts that the May 11, 2007 agreement speaks for itself, and therefore no response is required.

10. Goldman asserts that the allegations set forth in the first sentence of Paragraph 10 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein. Goldman further asserts that the May 11, 2007 agreement speaks for itself, and therefore no response is required. Goldman admits that he performed work for Dick's Sporting Goods and The Sports Authority during his employment with Brine and Warrior concerning lacrosse equipment only and asserts that the remaining allegations set forth in the second sentence of Paragraph 10 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein. Goldman admits the allegations set forth in the third sentence of Paragraph 10 of the Complaint.

11. Goldman admits that when employed by Warrior he acquired certain knowledge about some of Warrior's customers at that time, including certain of those customers' needs, product requirements and pricing, and denies the remaining allegations set forth in the first sentence of Paragraph 11 of the Complaint. Goldman denies the allegations set forth in the

second sentence of Paragraph 11 of the Complaint. Goldman admits that he devoted some of his time at Brine to the design and marketing of lacrosse equipment, including sticks and heads, and denies the remaining allegations set forth in the third sentence of Paragraph 11 of the Complaint. Goldman admits that he had sales relationships with lacrosse equipment buyers for Dick's Sporting Goods and The Sports Authority during his employment with Warrior and denies the remaining allegations set forth in the fourth sentence of Paragraph 11 of the Complaint. Goldman admits that he obtained some direct experience with the design and manufacture of certain Brine lacrosse equipment, including some lacrosse sticks and heads and denies the remaining allegations set forth in the fifth sentence of Paragraph 11 of the Complaint.

12.     Goldman asserts that the allegations set forth in the first sentence of Paragraph 12 of the Complaint constitute a legal conclusion as to which no response is required, and on that basis, denies the allegations set forth therein. Goldman admits that he helped develop good will with Dick's Sporting Goods and The Sports Authority while employed by Warrior and denies the remaining allegations set forth in the second sentence of Paragraph 12 of the Complaint.

13.     Goldman admits that he resigned from Warrior in April 2010 and accepted employment with Under Armour as a Product Line Manager and denies the remaining allegations set forth in the first sentence of Paragraph 13 of the Complaint. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence in Paragraph 13 of the Complaint, and thus denies the allegations set forth therein.

14.     Goldman denies the allegations set forth in the first sentence of Paragraph 14 of the Complaint. Goldman admits the allegations set forth in the second sentence of Paragraph 14 of the Complaint.

15. Goldman admits that he informed Dale Kohler and Greg Cattrano at Warrior that he would be working on baselayer and team sports' apparel at Under Armour, which included lacrosse apparel, states that Warrior did not object to Goldman accepting employment with Under Armour in this capacity, and denies the remaining allegations set forth in the first sentence of Paragraph 15 of the Complaint. Goldman denies the allegations set forth in the second sentence of Paragraph 15 of the Complaint. Goldman admits that Warrior did not object to him working at Under Armour and selling apparel for Under Armour until this matter was initiated in Court and denies the remaining allegations set forth in the third sentence of Paragraph 15 of the Complaint.

16. Goldman admits that he was promoted to Senior Product Line Manager for Men's Apparel at Under Armour in August 2011 and denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence in Paragraph 17 of the Complaint, and thus denies the allegations set forth therein. Goldman denies the remaining allegations set forth in the second and third sentences of Paragraph 17 of the Complaint.

18. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences in Paragraph 18 of the Complaint, and thus denies the allegations set forth therein. Goldman denies the allegations set forth in the third and fifth sentences of Paragraph 18 of the Complaint. Goldman admits that he learned of some restrictions placed upon Paul Gait ("Gait") after January 2011 when Goldman learned that Gait was no longer at deBeer/Gait Lacrosse. Goldman denies the remaining allegations set forth in the fourth sentence of Paragraph 18 of the Complaint.

19. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint, and thus denies the allegations set forth therein.

20. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint, and thus denies the allegations set forth therein.

21. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences, and thus denies the allegations set forth therein. Goldman further asserts that the press release contained in Paragraph 21 of the Complaint speaks for itself, and therefore no response is required. Goldman denies the allegations set forth, after the press release, in the third and fourth sentences of Paragraph 21 of the Complaint.

22. Goldman asserts that the press release set forth in Paragraph 22 of the Complaint speaks for itself, and therefore no response is required.

23. Goldman denies the allegations set forth in the first sentence of Paragraph 23 of the Complaint. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence, and thus denies the allegations set forth therein. Goldman further asserts that the press release contained in Paragraph 23 of the Complaint speaks for itself, and therefore no response is required.

24. Goldman denies the allegations set forth in Paragraph 24 of the Complaint. Goldman further asserts that the allegations set forth in Paragraph 24 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

25. Goldman admits that in May 2011 he assisted a sales representative from Vertical Lax who he had previously worked with at Warrior as she struggled to hang up certain Under Armour lacrosse products at Dick's Sporting Goods, as did Adam Werder and Todd Eichelberger. Goldman also hung up lacrosse apparel for the apparel buyer to review. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in the first sentence in Paragraph 25 of the Complaint, and thus denies the allegations set forth therein. Goldman asserts that the allegations set forth in the second sentence of Paragraph 25 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein. Goldman denies the allegations set forth in the third sentence of Paragraph 25 of the Complaint. Goldman admits that he was present during a meeting with lacrosse equipment buyers and the lacrosse apparel buyer at Dick's Sporting Goods and denies the remaining allegations set forth in the fourth sentence of Paragraph 25 of the Complaint. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the fifth sentence of Paragraph 25 of the Complaint, and thus denies the allegations set forth therein. Goldman asserts that the allegations set forth in the sixth sentence of Paragraph 25 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

26. Goldman denies that he was "designing special lacrosse stringing components for The Sports Authority," admits that he was present during a meeting that Under Armour and Vertical Lax held with lacrosse equipment buyers and the lacrosse apparel buyer at The Sports Authority, and asserts that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in first sentence of Paragraph 26 of the Complaint, and thus denies the allegations set forth therein. Goldman asserts that the allegations

set forth in the second sentence of Paragraph 26 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein. Goldman is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third sentence of Paragraph 26 of the Complaint, and thus denies the allegations set forth therein. Goldman asserts that the allegations set forth in the fourth sentence of Paragraph 26 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

## COUNT I – BREACH OF CONTRACT

27. Goldman incorporates by reference its responses to Paragraphs 1 through 26 of the First Amended Complaint.

28. Goldman asserts that the allegations set forth in Paragraph 28 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

29. Goldman asserts that the allegations set forth in Paragraph 29 of the Complaint constitute a legal conclusion to which no response is required, and on that basis, denies the allegations set forth therein.

30. Goldman denies the allegations set forth in Paragraph 30 of the Complaint. Goldman further asserts that the agreement quoted in Paragraph 30 of the Complaint speaks for itself, and therefore no response is required.

31. Goldman asserts that the allegations set forth in Paragraph 30 of the Complaint constitute a legal conclusion as to which no response is required, and on that basis, denies the allegations set forth therein.

## COUNT II – INJUNCTIVE RELIEF

32. Goldman incorporates by reference its response to Paragraphs 1 through 31 of the First Amended Complaint.

33. Goldman admits that as a Senior Product Line Manager for Men's Apparel at Under Armour, he promotes lacrosse apparel and denies the remaining allegations set forth in Paragraph 33 of the Complaint.

34. Goldman asserts that the allegations set forth in Paragraph 34 of the Complaint constitute a legal conclusion as to which no response is required, and on that basis, denies the allegations set forth therein.

35. Goldman asserts that the allegations set forth in Paragraph 34 of the Complaint constitute a legal conclusion as to which no response is required, and on that basis, denies the allegations set forth therein.

36. Goldman asserts that the allegations set forth in Paragraph 34 of the Complaint constitute a legal conclusion as to which no response is required, and on that basis, denies the allegations set forth therein.

37. Goldman asserts that the allegations set forth in Paragraph 34 of the Complaint constitute a legal conclusion as to which no response is required, and on that basis, denies the allegations set forth therein.

38. Goldman asserts that the allegations set forth in Paragraph 34 of the Complaint constitute a legal conclusion as to which no response is required, and on that basis, denies the allegations set forth therein.

## REQUEST FOR RELIEF

Goldman denies that Warrior is entitled to any of the relief requested within its prayer for relief and Subparagraphs A through C therein.

## AFFIRMATIVE DEFENSES

1. Warrior's First Amended Complaint has failed to state a claim upon which relief may be granted.

2. Warrior's claims are barred, in whole or in part, by waiver.

3. Warrior's claims are barred, in whole or in part, by laches.

4. Warrior's claims are barred, in whole or in part, by estoppel.

5. Warrior's claims are barred, in whole or in part, by ratification.

6. Warrior's claims are barred, in whole or in part, because Warrior has unclean hands.

7. Warrior has not been injured within the meaning of the applicable law or suffered legally cognizable damages as a result of any acts or omissions of Goldman, and Warrior is therefore not entitled to the damages or relief requested.

8. Warrior has failed to mitigate its damages, in whole or in part.

9. Warrior's claims for relief are barred, in whole or in part, because Goldman acted in good faith.

10. The agreement that Warrior seeks to enforce is overbroad and/or unenforceable, in whole or in part.

11. Goldman hereby gives notice that, in addition to the Affirmative Defenses set forth above, he reserves and intends to rely upon any and all such other affirmative defenses, both legal and equitable, as may become available or apparent during the course of this case.

Goldman reserves his right to amend his Answer to include such any and all such additional defenses.

WHEREFORE, Defendant, Neal Goldman denies that Warrior Sports, Inc. is entitled to any judgment or other relief in this matter, respectfully requests that judgment be entered in his favor on all claims asserted in the First Amended Complaint, and that he be granted all such further relief as is deemed just and proper.

Respectfully submitted,

Date:  November 3, 2011

By:  /s/
Deborah P. Kelly (#12278)
Charles V. Mehler III (#27072)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006-5403
(202) 420-4772 (telephone)
(202) 420-2201 (facsimile)
kellyd@dicksteinshapiro.com
mehlerc@dicksteinshapiro.com

*Attorneys for Defendant*